UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/27/2020

CHEUNG SHAN LI, et al.,

      Plaintiffs,

 -against-

U.S. JEWLERY HOUSE, LTD., et al.,

      Defendants.

19-CV-6059 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    This action has been referred to Judge Moses for general pre-trial management. (Dkt. No. 23.) The parties, by joint letter dated July 24, 2020 (Dkt. No. 38), informed the Court that they have settled their dispute, including claims brought under the Fair Labor Standards Act (FLSA), and requested that the Court adjourn all deadlines *sine die*.

    It is hereby **ORDERED** that all pre-trial deadlines, as well as the status conference scheduled for August 6, 2020 at 10:00 a.m. are ADJOURNED *sine die*.

    No later than **August 10, 2020**, the parties shall submit: (a) a joint letter demonstrating that their settlement is fair and reasonable, as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and should be approved in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012); (b) a copy of their written settlement agreement, executed by all parties, which will be placed on the public docket, *see Wolinsky*, 900 F. Supp. 2d at 335; and (c) if the agreement includes an award of attorneys' fees and costs, properly authenticated copies of counsel's contingency fee agreement (if any), time records, and expense records.

    The parties are cautioned that "it would be the very rare case, if any, where confidentiality terms in a settlement agreement would be appropriate in resolving a wage-and-hour lawsuit given the policy concerns underlying the FLSA." *Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015). This caution extends to so-called non-disparagement clauses, if such clauses prevent a plaintiff from making truthful statements concerning his employment, the lawsuit underlying the proposed settlement, or the settlement itself. *See Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.) (non-disparagement clause "must include a carve-out for truthful statements about [a plaintiff's] experience in litigating [his] case") (internal quotation marks omitted; modifications in original).

    The parties are further cautioned that courts in this district ordinarily refuse to approve FLSA settlements that include one-way general releases or asymmetrical general releases that purport to benefit remote and/or unknown affiliates of corporate defendants. *See, e.g.*, *Pinguil v. We Are All Frank, Inc.*, 2018 WL 2538218 (S.D.N.Y. May 21, 2018) (Moses, M.J.); *Lopez v, Poko-St. Ann L.P.*, 2016 WL 1319088, at *2 (S.D.N.Y. Apr. 4, 2016) (Moses, M.J.). Genuinely mutual general releases may be approved, however, if the plaintiff is no longer employed by the

defendant. *See*, *e.g*., *Plizga v. Little Poland Rest. Inc.*, 2016 WL 9307474, at *6 (S.D.N.Y. July 18, 2016) (Moses, M.J.); *Cionca v. Interactive Realty, LLC*, 2016 WL 3440554, at *4 (S.D.N.Y. June 10, 2016) (Moses, M.J.).

The parties are further cautioned that the district court's fairness review "extends to the reasonableness of attorneys' fees and costs." *Fisher v. SD Protection, Inc*., 948 F. 3d 593, 606 (2d Cir. 2020). Any proposed award of fees and costs must be memorialized in the written settlement agreement, which is signed by the parties, and must be supported by copies of counsel's contingency fee agreement (if any) and time and expense records, properly authenticated. *Id*. at 600. In addition, the Court expects a detailed explanation of the basis for the award. "[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Id.* at 606 (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)) (internal quotation marks omitted).

If the parties unanimously wish to consent to the jurisdiction of the undersigned magistrate judge for review of their settlement agreement pursuant to *Cheeks*, they shall promptly execute the necessary form, *see* Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (available at https://www.nysd.uscourts.gov/node/754), and submit it to the Clerk of Court.

Dated: New York, New York
       July 27, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**